IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| CHRISTOPHER DAVID CLARK, ) | |
| ) | CASE NO. BK15-80071 |
| Debtor(s). ) | A16-8034 |
| CHRISTOPHER DAVID CLARK, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 13 |
| ) | |
| vs. ) | |
| ) | |
| SELECT PORTFOLIO SERVICING AS ) | |
| SERVICER FOR U.S. BANK NATIONAL ) | |
| ASSOCIATION, AS TRUSTEE, ) | |
| SUCCESSOR IN INTEREST TO ) | |
| WACHOVIA BANK, N.A. (FORMERLY ) | |
| KNOWN AS FIRST UNION NATIONAL ) | |
| BANK), AS TRUSTEE FOR LONG BEACH ) | |
| MORTGAGE LOAN TRUST 2002-1, ) | |
| ) | |
| ) | |
| Defendant(s). ) | |

ORDER

This matter is before the court on the motion for summary judgment (Fil. No. 17) filed by defendant Select Portfolio Servicing as servicer for U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, N.A. (formerly known as First Union National Bank), as Trustee for Long Beach Mortgage Loan Trust 2002-1, and the debtor's resistance to the motion (Fil. No. 22). Richard Register represents the debtor, and Patrick R. Turner represents the movant. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

The debtor filed this adversary proceeding to challenge the validity of the defendant's claimed lien upon his residence. The debtor argues that the lien is not valid due to improper assignment and recording as the note has been sold or transferred a number of times since its origination. In the alternative, if the defendant can establish the proper chain of ownership, the debtor requests an accounting to determine the appropriate amount of the defendant's claim.

The defendant has now filed a motion for summary judgment, asserting that no genuine issues of material fact exist because U.S. Bank is the holder of the note and is entitled to enforce its

claim. In addition, the defendant argues, the debtor lacks standing to challenge the assignment of the deed of trust, the allowance of the lender's claim in the debtor's previous bankruptcy case is res judicata, and the debtor has waived whatever claims he may have against the defendant by not prosecuting them in his previous bankruptcy case.

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The movant bears the initial responsibility of informing the court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the non-movant must respond by submitting evidentiary materials that set out specific facts showing the existence of a genuine issue of material fact. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," and must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. *Quinn v. St. Louis County*, 653 F.3d 745, 751 (8th Cir. 2011).

The following facts are uncontroverted for purposes of this motion:

1. Christopher David Clark, the debtor in this case, is an individual, residing in the City of Omaha, County of Douglas, State of Nebraska at all times relevant hereto.

2. At all relevant times, the debtor has been the owner of real estate located at 4717 Chicago Street, Omaha, Nebraska 68132.

3. On January 18, 2002, the debtor executed and delivered to Long Beach Mortgage Company a promissory note ("the note") in writing in which he promised to repay the sum of $125,600.00 together with interest at the rate of 11.900%.

4. At paragraph 19, the note provides for the sale of the note or a partial interest in the note without prior notice to the borrower. The borrower is entitled to written notice only of a change in the loan servicer.

5. On January 18, 2002, and in order to secure the obligations under the note, the debtor executed and delivered to Long Beach Mortgage Company a deed of trust in which the debtor granted a lien on his real property located at 4717 Chicago Street, Omaha, Douglas County, Nebraska. The deed of trust was filed in the office of the Register of Deeds for Douglas County, Nebraska, on January 31, 2002, at filing 200204137.

6. The deed of trust and note were assigned by Long Beach Mortgage Company's successor in interest to U.S. Bank, N.A., a Successor Trustee to Wachovia Bank, N.A. (formerly known as First Union Bank) as Trustee for Long Beach Mortgage Loan Trust 2002-1 on June 21, 2010 ("U.S. Bank"). That assignment was filed in the office of the Register of Deeds for Douglas County, Nebraska, at filing 2010057099 on June 29, 2010.

7. The debtor filed a Chapter 13 bankruptcy case in the District of Nebraska on January 25, 2005, identified as Case Number 05-80278-TJM.

8. On February 3, 2005, the debtor filed a Chapter 13 plan that, among other things, listed Washington Mutual Bank as a secured creditor possessing a first-position lien on the debtor's house.

9. On March 30, 2005, this court entered an order confirming the debtor's Chapter 13 plan.

10. On December 21, 2006, U.S. Bank, N.A., through its attorney-in-fact Washington Mutual Bank ("Washington Mutual"), as successor in interest to Long Beach Mortgage Company, filed a motion for relief from the automatic stay alleging that the debtor had defaulted under the confirmed plan.

11. On January 22, 2007, the debtor and Washington Mutual entered into a stipulation in which the debtor again admitted and conceded that U.S. Bank, through its attorney-in-fact Washington Mutual, was a secured creditor holding a deed of trust on the debtor's home.

12. The court approved the stipulation on January 23, 2007.

13. On April 1, 2008, U.S. Bank, through its attorney-in-fact Washington Mutual, sought relief from the automatic stay under the terms of the approved stipulation.

14. On April 8, 2008, this court granted U.S. Bank relief from the automatic stay.

15. Thereafter, the debtor completed his Chapter 13 plan and received a discharge on March 18, 2010.

16. The debtor filed his second Chapter 13 bankruptcy case in the District of Nebraska on March 21, 2012, at Case Number 12-80589.

17. On July 16, 2012, the debtor filed his third Chapter 13 plan in the 2012 case and indicated in paragraph six his intention to file an adversary proceeding "no later than October 1, 2012, to determine the holder of the mortgage note if any and the correct party to make monthly mortgage payments, if any."

18. On September 12, 2012, U.S. Bank filed a motion for relief from the automatic stay in the second case.

19. U.S. Bank withdrew that motion for relief on January 7, 2013.

20. On February 19, 2013, the debtor filed his fifth Chapter 13 plan.

21. This court confirmed the fifth amended plan on April 29, 2013, "subject to Debtor filing an adversary proceeding to determine the validity of the mortgage claim by June 30, 2013, and if the mortgage lender is successful in that adversary, Debtor shall file a modified plan at that time."

22. The debtor did not file an adversary proceeding as contemplated in the confirmation order.

23. On July 12, 2013, U.S. Bank, via its then-servicer Select Portfolio Servicing, Inc., filed a second motion for relief from the automatic stay.

24. On July 26, 2013, the debtor filed a resistance to the second motion for relief from stay.

25. On October 7, 2013, this court granted U.S. Bank's second motion for relief from the automatic stay.

26. On February 12, 2014, the debtor's second bankruptcy case was closed without discharge.

27. The debtor filed his third Chapter 13 bankruptcy case in the District of Nebraska on January 20, 2015, identified as Case Number 15-80071.

28. The debtor filed his Chapter 13 plan on March 18, 2015.

29. The debtor subsequently filed six amended plans.

30. Confirmation of the original plan and five amended plans was denied because the debtor failed to respond to objections.

31. On July 5, 2016, the debtor filed this adversary proceeding against Select Portfolio Servicing, Inc., and U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, N.A.; Successor to Long Beach Mortgage Co., as defendants.

32. On October 5, 2016, this court dismissed the third bankruptcy case because the debtor failed to comply with a previous order of the court.

33. On November 14, 2016, the court granted the debtor's motion to reconsider and reinstated the third bankruptcy case.

34. On January 17, 2017, the court deferred ruling on the debtor's sixth amended Chapter 13 plan pending the outcome of this adversary proceeding.

35. On March 23, 2017, the debtor filed an affidavit in resistance to U.S. Bank's motion for relief from stay in the bankruptcy case describing the complex chain of ownership of the note and deed of trust and indicating he has not paid insurance or property taxes on the home since 2012.

36. On March 24, 2017, the court deferred ruling on U.S. Bank's motion for relief until such time as this adversary proceeding has been resolved.

37. As of April 26, 2017, the total amount due and owing by the debtor under the loan was $296,721.41, consisting of unpaid principal of $121,302.99, accrued interest of $126,443.72, escrow advances of $45,324.61, and other advances of $3,650.09.

The first problem for the debtor in this adversary proceeding is his lack of standing to challenge the assignment of the loan and deed of trust. To establish standing to raise the assignment claim, the debtor must show he has "suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372 (8th Cir. 2016) (quoting *Hollingsworth v. Perry*, 570 U.S. ___, 133 S. Ct. 2652, 2661 (2013)). *See also Quale v. Aurora Loan Services, LLC* 561 F. App'x 582, 583 (8th Cir. 2014) (unpublished per curiam) (stating "The party injured by an improper or fraudulent assignment is the mortgagee-assignor (mortgage holder), not the mortgagor (homeowner).").

The deed of trust executed by the debtor states that it is governed by Nebraska law, and Nebraska law subjects the debtor to the same standing requirement. *Marcuzzo v. Bank of the West*, 862 N.W.2d 281, 289 (Neb. 2015) (holding "[T]he Marcuzzos lack standing to attack the assignment of their mortgage, because the validity of the mortgage, even under the facts viewed in a light most favorable to the Marcuzzos, would have no effect on the Marcuzzos' obligation to pay.").

The debtor complains about the lienholder's treatment of him, and the difficulties he has experienced in attempting to ascertain payoff amounts and restructure the loan, but these problems are not attributable to the assignment transaction itself. Regardless of which entity holds the note and security instrument, the debtor still has an obligation to make his payments. Therefore, the debtor does not have the standing to attack the assignment.

The second hurdle faced by the debtor is the fact that the claim he is now challenging has been allowed in his prior bankruptcy case. The doctrine of claim preclusion, also called res judicata, bars relitigation of a claim if: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *In re T.G. Morgan, Inc.*, 394 B.R. 478, 484 (B.A.P. 8th Cir. 2008), *aff'd*, 343 F. App'x 171 (8th Cir. 2009); *Magee v. Hamline Univ.*, 775 F.3d 1057, 1059 (8th Cir. 2015) ("To establish that a claim is barred by claim preclusion, a party must show: '(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action.'").

Whether a cause of action is the same for res judicata purposes depends on the facts presented, not the legal violations alleged. *In re T.G. Morgan*, 394 B.R. at 484. With respect to the "same claims or causes of action" element of claim preclusion, whether a second lawsuit is precluded turns on whether its claims arise out of the same nucleus of operative facts as the prior claim. *Magee*, 775 F.3d at 1059. In addition, res judicata applies to any grounds that actually were or could have been raised in the prior action. *In re T.G. Morgan*, 394 B.R. at 484; *see Magee*, 775 F.3d at 1059 ("Under claim preclusion, 'a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action'") (quotation omitted).

A bankruptcy court's treatment of a claim has the same effect as any other judgment of a competent court and will form the basis for a finding of res judicata:

> "[T]he allowance or disallowance of 'a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata.' . . . [T]he allowance or disallowance of a claim in bankruptcy should be given like effect as any other judgment of a competent court, in a subsequent suit against the bankrupt or any one in privity with him." *Beyene v. Farmland Foods, Inc.*, No. 8:05CV91, 2006 WL 120144, *2 (D. Neb. Jan. 17, 2006) (Kopf, J.) (quoting *Siegel v. Federal Home Loan Mortg. Corp.*, 143 F.3d 525, 529 (9th Cir. 1998)).

*Wells Fargo Bank, Nat. Ass'n v. Bettenhausen*, No. 4:10CV3120, 2011 WL 770004, at *9 (D. Neb. Feb. 25, 2011).

In the debtor's first bankruptcy case, he conceded that U.S. Bank, through its attorney-in-fact Washington Mutual, was the holder of the secured claim on his residence, and provided for the claim in his plan as well as in a stipulation concerning delinquent payments. Only in his subsequent bankruptcy cases has he raised the issue of an invalid claim. He indicated in his second case he would file an adversary proceeding to challenge the defendant's claim, but did not do so until his third bankruptcy case. The debtor had opportunities prior to this to dispute the defendant's claim, but instead opted not to follow through while continuing to treat the defendant as a secured creditor with a first lien on his residence. Res judicata precludes him from relitigating that issue.

Finally, U.S. Bank asserts it is the proper holder of the note and trust deed. It has submitted evidence of the original note, which appears to be endorsed in blank by the original payee, and the deed of trust securing that note, plus the recorded assignment. The assignment is by the original payee of the note (through its successor) to U.S. Bank. It also has provided evidence of the balance due on the note as April 26, 2017. The debtor has put forth no evidence to contradict any of this. In fact, the debtor's counsel has ignored the local court rule on summary judgment procedure. Rule 7056-1(C) explains that a brief, and any evidence not already in the record, should be filed with a party's resistance to a summary judgment motion. It also explains that the brief should point out any factual issues between the parties and specifically describe the opposing party's disagreement with the moving party's version of the facts. While failure to file an opposing brief, in and of itself, will

not lead to the granting of the motion, the opposing party is not excused from meeting its burden under Rules 56 and 7056. Neb. R. Bankr. P. 7056-1(C)(3).

    To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)) (internal marks omitted).

    In this case, the debtor's resistance to the motion simply says some material facts "may be in dispute," and in time the two parties may be able to stipulate to the undisputed facts and present the case to the court on that basis. The resistance does not specifically identify any disputed facts, nor does it explain why, after five years of complaining about the secured claim, the debtor is unable to provide any evidence in support of his position.

    To be more specific, the debtor's complaint seeks five determinations by the court, each of which will be addressed separately below.

    • Debtor asks the court to determine: "That the claimed lien by Select Portfolio and for those it administers for, is not valid, for improper assignment and recording." Debtor has not presented any evidence of improper assignment or recording.

    • Debtor asks the court to determine: "That the brother's claim be determined first priority lien on the home." There is no evidence of a claim by a brother and no evidence as to its priority.

    • Debtor asks the court to determine: "That the actions of the prior lender be determined predatory and the debt invalidated." Again, there is no evidence to support this assertion.

    • Debtor asks the court to determine: "That if the loan is not invalidated, then a proper accounting of payments, credits and determination of interest rate to apply, to determine a the correct amount owed if any." Again, the debtor has failed to produce any evidence that any accounting of payments, credits or the interest rate provided by U.S. Bank is somehow not valid or proper.

    • Debtor asks the court to determine: "If Defendants are shown [to] have supplied incorrect information to this Court in pleadings and claims, to invalidate the claimed lien or determine the loan extinguished." Once again, the debtor has failed to supply any evidence at all, much less any evidence that the defendants provided incorrect information to the court.

    The debtor has completely failed to carry his burden of demonstrating the existence of any genuine issues of material fact and that failure borders on frivolity. Debtor and his various attorneys

have been complaining about the issues in this adversary complaint for years, but whenever the opportunity has arisen to litigate those issues, they have wholly failed to do so. Certainly, a complicated history of ownership and servicing of a mortgage loan does not, standing alone, somehow invalidate the loan and give the debtor the right to fail to make payment for years on end.

For the foregoing reasons, the defendant's motion for summary judgment will be granted.

IT IS ORDERED: The defendant's motion for summary judgment (Fil. No. 17) is granted. Separate judgment will be entered.

DATED: May 30, 2017.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
  Richard Register
  *Patrick R. Turner
  U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.